## Case No. 14,309.

### TYLER et al. v. HYDE et al.

[2 Blatchf. 308.] 1

Circuit Court, S. D. New York. Oct.. 1851.

PATENTS—PARTIES—JUDGMENT—BAR TO ACTION.

1. Where T., a patentee, and P., his assignee of an undivided interest in the patent, brought a suit in equity in the circuit court of the United States in Louisiana, under section 16 of the act of July 4th, 1836 (5 Stat. 123), against D., the patentee of a junior patent, and other parties claiming under him, founded on the interference of D.'s patent with T.'s patent, and praying that D.'s patent might be declared void, and subsequently T. and P. brought an action at law in this court for the infringement of T.'s patent, against H., who was not a party to the suit in Louisiana, but who owned an undivided interest in D.'s patent, by title derived from D. after the commencement of the suit in Louisiana, although prior to the rendition of any judgment in that suit: *Held*, that the parties to the suit in this court were virtually within the proviso to said section 16, and that their rights would be bound by a decision in the suit in Louisiana pronouncing judgment that the two patents interfered or that either of the patents or any part of them was valid or invalid.

2. But, where H. pleaded in bar the bringing of the suit in Louisiana and the dismissal of the bill therein by the judgment of the court upon the merits thereof: *Held*, that that judgment did not necessarily import that the patents of T. and D. interfered or that T.'s patent was adjudged void and inoperative.

3. In order to be received and acted upon in this court, as against T.'s patent, and in a trial between other parties, the judgment should have been direct and affirmative in terms, and should have asserted the interference of the patents, and have declared T.'s patent void in the whole or in part, or inoperative and invalid in some particular part of the United States.

4. Such a judgment would, under the decision in Smith v. Kernochan, 7 How. [48 U. S.] 198, have been a bar to the action at law in this court.

This case came up on a demurrer to a plea puis darrein continuance. The action was brought for the infringement of letters patent. The original patent was granted to the plaintiff [Philos B.] Tyler, on the 16th of January, 1845, for an "improvement in cotton-presses." [No. 3.885.] That patent was surrendered by the patentee on account of a defect in the specification, and a new patent was granted to him, on a corrected specification, on the 1st of May, 1847. [No. 92.] On the 22d of February, 1848, the patentee assigned an equal undivided half of the patent to the plaintiff [William S.] Pendleton. The plea averred that letters patent were granted to one Augustus Devall. on the 17th of April, 1847, for an "improvement in cotton-presses;" that the present plaintiffs, on the 31st of March, 1848, commenced a suit in equity, by bill, in the circuit court of the United States for the Eastern district of Louisiana, against the said Devall and three others, setting forth the patent to Tyler. and its re-issue, and the right of the plaintiffs under it, and the patent to Devall, and charging that the defendants

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[Edward F. Hyde and others] had made and put into use, in New Orleans, a cotton-press constructed in conformity to the specification and drawings of Devall's patent, and that that press was a tame imitation of the cotton-press described in Tyler's patent, involved the same principles of action and the same combination of mechanical powers, and operated. to every material extent, in the same way as Tyler's press, and was a palpable infringement of the same, and further charging that the press, as constructed and put in use by the defendants and as patented to Devall, was, in its principles of construction, identical with the invention of Tyler, and that no patent therefor should have been granted to Devall, and that the same ought to be repealed, and praying that the defendants be ordered to account to the plaintiffs for the use and profits of the cotton-press, and that the court should decree that the patent granted to Devall be cancelled and annulled, avoided and set aside, as improperly and inconsiderately awarded, and for such other and further relief as to justice and equity might seem meet; that Devall put in his answer to that bill, denying the novelty and originality of the invention of Tyler, and averring that his patent was null and void, and that its re-issue was obtained with an intent to defraud Devall, and that the re-issued patent to Tyler was not for the same invention as the original patent, and that the improvement patented to Devall was original, and was entirely distinct from that patented to Tyler, and was not in any part embraced in it, and that cotton-presses built in accordance with Devall's patent were no infringement upon Tyler's patent, even if the same were valid; that the patent to Tyler. on which this action was founded, was the identical patent described in the bill of complaint in the Louisiana circuit court; that, on the 1st of June 1849. Devall assigned two-thirds of his patent and the said interest became on that day vested in the defendant Hyde, at whose instance and request, and as whose agents. the other defendants (who composed the firm of Stillman, Allen & Co.) made all the cotton-presses complained of in this action as infringements, and which were all made in exact conformity with the cotton-press described in Devall's patent; and that, on the 14th of June, 1850, the bill in the Louisiana circuit court was, by the consideration and judgment of the court and upon the merits thereof, dismissed, with costs to Devall. the suit as against the other defendants having been previously settled.

To this plea the plaintiff's demurred, and alleged, for causes of demurrer, that the suit in Louisiana was not between the parties to this suit. nor between their privies in law or in estate, and that it did not appear by the plea, on which of the several distinct defences set up in the equity suit, the bill in that suit was dismissed. The defendants joined in demurrer.

Edwin W.. Stoughton, for plaintiffs.
George R. J. Bowdoin, for defendants.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The bill filed by the plaintiffs in the circuit court in Louisiana was founded upon the 16th section of the patent act of 1836 (5. Stat. 123), and its scope and aim were to obtain the benefit of the extraordinary powers granted by that act to circuit courts. The section is as follows: "Whenever there shall be two interfering patents. or whenever a patent. on application. shall have been refused on an adverse decision of a board of examiners, on the ground that the patent applied for would interfere with an unexpired patent previously granted, any person interested in any such patent, either by assignment or otherwise, in the one case, and any such applicant in the other case, may have remedy by bill in equity; and the court having cognizance thereof. on notice to adverse parties, and other due proceedings had, may adjudge and declare either the patents void in the whole or in part, or inoperative and invalid in any particular part or portion of the United States, according to the interest which the parties to such suit may possess in the patent or the invention patented. and may also adjudge that such applicant is entitled. according to the principles and provisions of this act, to have and receive a patent for his invention, as specified in his claim, or for any part thereof, as the fact of priority of right or invention shall, in any such case. be made to appear: . . . provided, however. that no such judgment or adjudication shall affect the rights of any person. except the parties to the action and those deriving title from or under them subsequent to the rendition of such judgment."

It is plain, from the bill referred to. that the plaintiffs claimed their equity to be the interference of Devall's junior patent with their prior one. and the relief they sought was to have the posterior patent declared void. The court had jurisdiction of the subject-matter in equity for no other purpose. for, although the bill prayed an account of the profits received by Devall and his co-defendants for the use and manufacture of cotton-presses, and that such profits should be decreed to the plaintiffs for their damages. yet, manifestly, that prayer was but incidental to the one demanding judgment of nullity against Devall's patent as one interfering with Tyler's. The account is not required in aid of a suit at law, nor is an injunction prayed for: and. if it be competent to a party, by original bill in equity. to recover damages for the violation of a patent right. the bill is clearly not framed to that end. and contains nothing denoting such intent. other than the commonplace formula of a prayer "for such other and fur-

ther relief as to justice and equity may seem meet." This court cannot intend that, under the bill presented to the circuit court in Louisiana, any other question was tried than the one designated by the statute—that is, which, if either, of the patents was void, in the whole or in part, or inoperative and invalid in any particular part or portion of the United States. Those particulars were placed within the cognizance of the court by the statute, and upon those the act authorized the court to adjudge and decree.

We consider the parties in this action to be virtually within the proviso to the 16th section of the act of 1836 (the defendants having become assignees of and privies with the defendant in the suit in Louisiana, pendente lite). and that their rights would be bound by the decision in that suit, had that court pronounced judgment that the two patents interfered. and upon the validity or invalidity of either of the patents or of any part of them.

In support of the plea of puis darrein continuance it is argued, that the court must presume that the judgment of the court in Louisiana was adverse to the validity of Tyler's patent, because that question was involved in the issues raised in the cause, and that the judgment of the court upon all the issues was, in effect, that the plaintiffs had no valid title to the invention claimed by them. This conclusion is, however, one of hypothesis and argument. It is not announced by the court, in rendering its judgment, nor, in our opinion, does that judgment exclude any other conclusion. The decree of the court upon the merits was, that the bill of complaint be dismissed with costs. This does not necessarily import that the patents interfered, or that Tyler's patent was adjudged void and inoperative. The plaintiffs in that suit may have failed to prove that the defendants violated their right, which would have been the case if Devall's machine was essentially different from theirs in construction and operation: or the plaintiffs may have parted with their title, or executed grants or licenses under which the defendants were protected. The plea supplies this court with no means of determining upon what description or character of merits, as between those parties, the decree dismissing the bill was founded; and, if any failure of evidence on the part of the plaintiffs, or any testimony on the part of the defendants within the issues, might have produced the result and justified the decree, this court cannot assume that the interference of the two patents, rather than any other one of such particulars, was the ground of the decision.

But, independently of the want of record proof that the circuit court in Louisiana heard and decided the case before it solely upon the question as to the interference of the two patents. and as to which was the valid one, we think that a judgment or decree cannot be accepted as determining that

point, unless it be direct and ·affirmative in terms, and in the words of the statute. The court must adjudge and declare the patent void, in the whole or in part, or inoperative and invalid in some particular part of the United States. A decree dismissing a bill seeking that relief does not imply such positive judgment, but, on the contrary, it indicates that the court, on the proofs before it, was unable ·to render that specific judgment. At all events, it cannot, in our opinion, be received and acted upon in another court, and in a trial between other parties, as amounting to the positive and affirmative declaration demanded by the statute. Had the decree of the circuit .court asserted the interference of the patents and declared Tyler's patent void, that decree would have been conclusive in this court, on a trial at law. Smith v. Kernochen, 7 How. [48 U. S.] 198. The utmost effect that can properly be given to the decree dismissing the bill is, to consider the court as having determined that, upon the proofs adduced at the hearing, the plaintiffs had not supported, to the satisfaction of the court, the matters of complaint set forth in the bill. This is far short of the distinct adjudication which, in Smith v. Kernochen, the supreme court held to be a bar, in a different circuit, to a trial· at law of the same subject-matter.

Judgment must be rendered, on the demurrer. for the plaintiffs, with leave to the defendants to plead over, on the usual terms of payment of .costs.

[A motion made by plaintiffs to strike out a special plea by defendants, on the ground that it was a repetition of the plea puis darrein continuance, which was adjudged bad, was denied. Case No. 14,310.]